UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Cedric Gates,** | ) | **CASE NO. 1:03 CV 953** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Rick Gansheimer, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Gallas (Doc. 19) which recommends denial of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Cedric Gates, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after a jury trial in the Cuyahoga County Court of Common Pleas. This matter has been fully briefed and the

1

Magistrate Judge issued his Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied. Petitioner has filed Objections to the Report and Recommendation. Respondent has filed a Response to the Objections.

**Standard of Review**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**Discussion**

A jury found petitioner guilty of robbery and preparation of drugs for sale. The trial court imposed the maximum eight year sentence for the robbery, and imposed a three year term for a repeat violent offender specification to the robbery. Petitioner asserts three grounds in support of his Petition. For the following reasons, the Court agrees with the Magistrate Judge, albeit for different reasons as to Ground One, that none warrants issuance of the Writ.

The state appellate court found the following relevant facts:

The history of this case reveals that on December 28, 1999, at 4:30 p.m., Terri Frey stopped at a red light behind five or six cars, at the intersection of East 40th and Carnegie Avenue in Cleveland, Ohio. Suddenly she heard a loud popping noise at the front passenger window. She looked up and saw broken glass all over her and the interior of her car. At that point, a black male, whom she later identified as Cedric Gates, reached into the front seat of her car from the broken passenger window and grabbed her briefcase, which was lying on the seat. He then demanded her purse, and they both grabbed it simultaneously, looking directly at each other. Frey finally let go for fear of getting hurt, and Gates fled with both her purse and her briefcase. She then called the police and reported what had transpired. She described the person who robbed her as a light-skinned black male with a mustache in his mid-to-late 20's and about 5'4" to 5'7" tall. The police followed a trail of footprints in the snow, which led them to a home on

> East 38th Street, where the trail ended. They located Frey's briefcase and purse in that vicinity. When Frey arrived at home and exited her car, a rock fell from inside the driver's door. She also found scrapes across her steering wheel caused by the rock. Frey incurred some small marks on her face from the shattered glass and a deep cut on her finger from the strap during the struggle for her purse.

*State of Ohio v. Gates,* 2001 WL 534163 (Ohio App.8th Dist. May 17, 2001).  That court also stated:

> Before the trial, the parties stipulated to a prior conviction of robbery, which resulted from a similar smash and grab incident where a driver who had stopped at a red light had his windshield smashed, gave chase after Gates, and suffered a heart attack and tragically died hours later.

*Id.*

**(1) Ground One**

Ground One asserts that petitioner was denied due process in sentencing when the trial court imposed an eleven year sentence, which included a three year enhancement under Ohio's Repeat Violent Offender (RVO) statute.  Petitioner contends that the trial court failed to adhere to the requirements of the statute.

The Magistrate Judge initially determined that this ground had been fairly presented to the state courts as a constitutional claim, rejecting respondent's argument presented in its Return of Writ.  For the following reasons, this Court disagrees.

In *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citations omitted), the Sixth Circuit stated,

> The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts. A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been 'fairly presented': (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms

3

> sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated.

Under this analysis, this ground was not fairly presented to the state court.

This case has been the subject of three decisions by the Eighth District Court of Appeals.

Petitioner filed his direct appeal of his conviction.  His eighth assignment of error therein asserted that the trial court erred in sentencing him to a maximum eight year term for the robbery and in imposing the three year sentence enhancement.  Although petitioner argued that the trial court failed to adhere to the requirements of the statute, this argument was predicated solely on state law as evidenced by his Brief submitted to the Eighth District Court of Appeals and not in terms of due process.  (Doc. 11 Ex. 8 at 31-32).  The appellate court addressed this argument entirely in terms of state law.  *State of Ohio v. Gates,* 2001 WL 534163 at *7–*9 (Ohio App.8th Dist. May 17, 2001).  Consequently, petitioner did not present this claim as a federal constitutional issue on direct appeal from his conviction.

Petitioner subsequently filed an App.R.26(B) application for reopening in the Eighth District Court of Appeals wherein he asserted that his direct appellate counsel was ineffective by failing to argue that the RVO statute was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The court of appeals denied the application.  *State v. Gates,* 2002 WL 1813843 (Ohio App. 8th Dist. August 5, 2002).   Thus, petitioner argued therein that the legislative scheme was unconstitutional and not that the trial court's failure to adhere to the requirements of the statute violated due process.

Finally, petitioner appealed the trial court's resentencing upon remand after the court on

his direct appeal found that the trial court erred in believing that the drug charge constituted a fourth degree felony when, in fact, it constituted a fifth degree felony. *State v. Gates,* 2004 WL 584044 (Ohio App. 8th Dist. March 25, 2004). He asserted two arguments in his first assignment of error: 1) the trial court erred when it imposed an additional three year sentence under a RVO specification and 2) the RVO specification is unconstitutional under the Supreme Court decision of *Apprendi v. New Jersey,* 530 U.S. 466 (2000). The appellate court overruled this assignment of error by stating, "Since these identical arguments were made to and rejected by this Court in *State v. Gates* (May 17, 2001)... and *State v. Gates* (August 5, 2002)... , the law of the case dictates that this assignment of error be overruled." *State v. Gates,* 2004 WL 584044 (Ohio App. 8th Dist. March 25, 2004). Petitioner did not argue that the trial court's failure to adhere to the requirements of the statute violated due process.

Because this claim was not fairly presented to the state court, habeas relief is not warranted on this ground.

**(2) Ground Two**

Ground Two asserts that there was insufficient evidence to support the robbery conviction because there was insufficient evidence to prove that the rock used constituted a deadly weapon.

O.R.C. § 2923.11 states in part, " 'Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." Petitioner asserts that a rock becomes a weapon only when used for offensive or defensive purposes. Because the rock herein was used only for the purpose of breaking the victim's window, it was not used as a weapon to facilitate an assault but

5

merely as a criminal tool to gain entry.

The Court agrees with the Magistrate Judge's conclusion that petitioner fails to show that the state court decision as to this claim was based on an unreasonable determination of the facts in light of the evidence. Petitioner was indicted for committing alternative forms of robbery, defined in O.R.C. § 2911.02 as follows:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
>   (1) Have a deadly weapon on or about the offender's person or under the offender's control;
>
>   (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.

The state court found the evidence to demonstrate that petitioner

> threw the rock at the passenger side of an occupied vehicle stopped at a red light, and fifth in the line of traffic, such that the driver could not escape--with such force that the rock smashed the passenger side window, traversed the interior of the vehicle, and scraped across the steering wheel, lodging between the driver's side door and the left side of the car. Examination of the rock reveals that it weighs more than a pound and the evidence suggests that it had been hurled against the window with enough force to not only break the window, but completely traverse the interior of the car. Applying the statutory definition of a deadly weapon, we conclude that the rock thrown into Frey's trapped car is an instrument capable of inflicting death and that Gates possessed, carried, and used it as a weapon in this case.

*State of Ohio v. Gates,* 2001 WL 534163 at * 6 (Ohio App.8th Dist. May 17, 2001).

Accordingly, the state court determined that sufficient evidence existed to support the jury's guilty verdict regardless of whether it was based on petitioner's use of a deadly weapon or his attempt to cause physical harm to the victim. *See* O.R.C. § 2911.02. The Court finds no error.

This ground for relief is without merit.

**(3) Ground Three**

Ground Three asserts that petitioner was denied Due Process when the jury was not instructed that it had to be unanimous as to at least one of the two distinct manners in which the crime of robbery could be committed, i.e., commission of a theft offense with a deadly weapon and/or commission of a theft offense in which the victim was physically harmed.

The Magistrate Judge rejected this ground and stated that "no unanimity instruction would have been required because the issues were not complex, there was no variance from the indictment, and there is no risk of jury confusion in a robbery case premised on a smash and grab incident." (Doc. 19 at 18). The Magistrate Judge also concluded that even if there were duplicity in the charge, the error was harmless because the evidence concerning the smash and grab was simple and direct, and was sufficient to establish both deadly weapon and physical harm elements.

Petitioner objects on the basis that the harmless error analysis is inapplicable for the reasons stated with regard to Ground Two, i.e., the deadly weapon portion of the robbery was insufficient to sustain petitioner's conviction.

This ground fails because it is predicated on Ground Two which has been rejected by this Court.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.

This Court now considers whether to grant a certificate of appealability (COA) pursuant

to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined

that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity and an appeal from this decision could not be taken in good faith.

8

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge

Dated: 9/12/05